UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/9/08
```

------------------------------------------x

The Execu/Search Group      :

       Plaintiffs, :

            :   06 Civ. 2912 (TPG)

    - against -  :

            :   **OPINION**

Richard Scardina, et al. :

       Defendants. :

------------------------------------------x

   This action was removed from New York Supreme Court on April 13, 2006 on the basis of a federal counterclaim.  On May 15, 2006, plaintiff moved to remand and sought an award of reasonable fees and costs associated with the removal.  Defendant consented to the remand on May 31, 2006.  Thereafter, in an Order dated July 7, 2006, the Part I judge of the court granted the motion on consent but deferred judgment on the issue of fees and costs.  Execu/Search Group, Inc. v. Scardina, et al., No. 06 Civ. 2912 (S.D.N.Y. July 7, 2006)(*Castel, J.*, Part I).

   Plaintiff's application is denied.

## Background

The argument seeking fees in plaintiff's motion to remand made no request for a specific award – only that it be "reasonable." (Mem. Supp. Mot. Remand 6-7.)

The day after defendants consented to remand, and while plaintiff's motion to remand was still pending, plaintiff reiterated its request for fees by letter. (Pl.'s Ltr., June 1.)  This request was substantially similar to the argument in its moving papers in that plaintiff only asked for "reasonable attorneys' fees and costs associated with defendants' frivolous and vexatious removal." (Id.)  The June 1 letter alleged that plaintiff removed the action in a "transparent maneuver to delay Execu/Search's state court action" and consented to the remand only after waiting until the time to respond to the motion had expired.  (Id.)

Defendants responded to the June 1 letter on June 5, 2006.  In that letter defendants denied any intent to delay the proceedings and stated that it removed the action "to raise the federal counterclaims before a federal court, to expedite discovery through federal case management, and to seek resolution so that all parties might move forward with their lives." (Defs.' Ltr., June 5.)  Defendants claim their conduct was not appropriate for sanctions because they

did not engage in specific "dilatory stall tactics" and because they consented to the remand in a timely manner.

Several months later, following a status conference in a related case, and by letter dated September 28, 2006, plaintiff renewed its request for fees and costs. (Pl.'s Ltr., Sept. 28.)  Defendant responded by letter dated October 3, 2006 and opposed the request for fees and costs by re-asserting its good faith basis for the removal.  (Defs.' Ltr., Oct. 3.)

## Discussion

Removal of actions based on a federal counterclaim is impermissible. Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.  535 U.S. 826, 830-831 (U.S., 2002).

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  Nevertheless, section 1447(c) "affords a great deal of discretion and flexibility to the district courts in fashioning awards of costs and fees. . . ."  Morgan Guar. Trust Co. of New York v. Republic of Palau, 971 F.2d 917, 924 (2d Cir.1992)).

Plaintiff has not requested a specific amount to be awarded.

Defendants may have removed on an improper basis, but the court finds that they have not engaged in any conduct that appears to be specifically targeted to stalling the case or vexing the plaintiffs.

Plaintiff's request for an award of fees and costs is denied.

SO ORDERED.

Dated:      New York, New York
            November 9, 2006

                                    THOMAS P. GRIESA
                                    U.S.D.J